[No. 16285. Department Two. April 11, 1921.]

CHAS. W. MASTERSON, *Respondent*, v. EUGENE LENNON, *Appellant*.[1]

NEGLIGENCE (9, 12, 39)—PLACES ABUTTING ON HIGHWAY—EXCAVATIONS—QUESTION FOR JURY. In an action against a lot owner for damages sustained by a person nearly blind who fell into a building excavation adjoining a city sidewalk, a nonsuit was properly denied, where the evidence showed he traveled alone about the city for many years by the aid of a cane; that he was familiar with the street, but had not heard of the excavation nor of a pile of lumber on the sidewalk to be used in construction on the adjoining lot; that he struck the lumber pile with his cane, stepped aside to avoid it, and fell into the excavation, which was not guarded by railing or other protection; and that he sustained personal injuries as a result of his fall.

EVIDENCE (64)—MATERIALITY—REMOTENESS. In an action for damages for injuries caused by falling into an unguarded building excavation, it is proper to refuse to allow the officer charged with issuing building permits to testify whether defendant caused protection to be put around the property and as to whether witness observed any barricade, where no time was fixed in the inquiry.

NEGLIGENCE (9, 44)—PLACES ABUTTING ON HIGHWAY—EXCAVATIONS —CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for damages by a partially blind person for injuries received by falling into

[1]Reported in 197 Pac. 38.

an unguarded building excavation, it was proper to instruct the jury that the mere fact of total or partial blindness does not debar one from recovery for the negligence of another which is the proximate cause of his injuries, if he himself is exercising ordinary care; but he would be bound to exercise that degree of care that an ordinarily careful and prudent person would have exercised under the circumstances and in a similar condition, and would require such use of his other senses as a reasonably careful and prudent person in his condition would have used.

APPEAL (464)—REVIEW—HARMLESS ERROR—REQUESTED INSTRUCTIONS. The refusal of several requested instructions was not error where the one given was a condensation of substantially all the matter proposed in the requested paragraphs.

DAMAGES (84)—EXCESSIVE DAMAGES—INJURIES TO FOOT, ETC. Damages in the sum of $685 for injury to a foot was not excessive, where there was a dislocation of bones, the ligaments were torn, pain and suffering caused for months, considerable loss of time and a physician's bill of $25.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered May 21, 1920, upon the verdict of a jury rendered in favor of plaintiff, in an action for damages. Affirmed.

*J. W. Brooks,* for appellant.

*John C. Hurspool,* for respondent.

MITCHELL, J.—The plaintiff sued to recover damages for personal injuries, expenses and loss of time alleged to have been caused by the negligence of the defendant. There was a denial of negligence and a counter allegation of contributory negligence, which latter was denied by the plaintiff. A judgment for $685 was entered upon the verdict of the jury in favor of the plaintiff, and the defendant has appealed.

The first assignment of error relates to the denial of a motion for a nonsuit at the close of respondent's case in chief. There is abundant evidence to show that, in the course of preparation for the construction of a building at the corner of Spokane and Alder streets, in

the city of Walla Walla, the appellant made or caused
to be made an excavation, next to the sidewalk, on his
land fronting on Alder street, and failed to provide any
railing or protection against the excavation; that he
piled lumber several feet high on the sidewalk in such
manner that the walkway was gradually narrowed until
there remained only three to five feet between the lum-
ber and the inner side of the sidewalk adjoining the
excavation; that no barrier was maintained to prevent
pedestrians from using the walkway; that, early in the
evening on November 11, 1919, respondent, traveling
along the walkway, hit the pile of lumber with his cane
at the narrow place in the sidewalk, stepped aside to
avoid the lumber, and fell into the excavation, causing
the injuries complained of. The evidence further shows
that the respondent had been a resident of the city for
more than twenty years, during all of which time he was
nearly blind; that he had familiarized himself with the
streets, including Alder street, and had traveled alone
about the city on his business as a piano tuner for many
years; that he had not heard of the excavation or the
construction work or the obstruction on the sidewalk;
that he had not before been along that way after the
work was commenced, and that, at the time of the injury
and discovery of the lumber which he sought to avoid,
he was using his cane to guide and assist him in his
habitual and customary way. Manifestly the denial of
the motion for a nonsuit was proper.

The next assignment is the sustaining of respond-
ent's objection to a question asked the chief of the fire
department if the appellant caused protection to be put
around the property as he directed him to. The wit-
ness, who was charged with the duty of issuing building
permits, had already testified he did not remember

when the appellant spoke to him about a permit. The objection to the question was that it was immaterial whether any orders were given about the railing or not. Immediately the witness was asked by counsel for appellant, "I will ask you Mr. Metz if you observed any barricade or fence around those premises?", to which objection was made unless the time was fixed. The court so held and the appellant pursued the inquiry no further. We are satisfied there was no error in this respect, especially as the fire chief stated later on in his examination that appellant's deposit for the building permit was not made until December 5.

Another assignment of error rests upon the refusal of the court to give three instructions requested by the appellant, and the giving of one which was excepted to, upon the subject of the care required of a person, blind or nearly so, to avoid danger in order to absolve himself from the charge of negligence. The one given was as follows:

"Any person, even the blind or partially so, is entitled to use the streets and the sidewalks thereon for travel in a lawful way, using ordinary care, under the circumstances to avoid injury to himself, and the mere fact of his total or partial blindness does not debar him from recovery for the negligence of another which is the proximate cause of his injuries, if he himself is exercising ordinary care. The fact that a person is wholly or partially blind does not excuse him from the obligation to exercise reasonable care for his own safety. Such a person is bound to exercise that degree of care that an ordinarily careful and prudent person would have exercised under the circumstances and in a similar condition, and would require such use of his other senses, as a reasonably careful and prudent person in his condition would have used. If plaintiff exercised such a degree of care he was not negligent and if he did not he was."

The instruction was a fair, correct statement of the law, which by comparison shows a condensation of substantially all suggested by the three proposed by the appellant that contained needless repetition.

On the motion for a new trial it was contended, and it is argued here, that the amount of the verdict and judgment is excessive. The respondent's foot was injured. There was a dislocation of bones, the ligaments were torn, considerable pain and suffering caused for months which had not entirely subsided at the time of the trial; and considerable loss of time and a physician's bill of $25. The amount of the judgment we do not consider excessive.

Affirmed.

PARKER, C. J., MAIN, TOLMAN, and MOUNT, JJ., concur.